[Cite as *State v. Hancock*, 2023-Ohio-1102.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO,                    :           JUDGES:
                                    :           Hon. John W. Wise, P.J.
        Plaintiff - Appellee        :           Hon. Craig R. Baldwin, J.
                                      :           Hon. Andrew J. King, J.
-vs-                                :
                                      :
BRITTANY HANCOCK,           :           Case No. CT2022-0059
                                      :
        Defendant - Appellant     :           O P I N I O N

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                              Court, Case No. CRB 2100648

JUDGMENT:                                Vacated

DATE OF JUDGMENT:                March 31, 2023

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

RON WELCH                             CRAIG JAQUITH
Prosecuting Attorney                   Assistant State Public Defender
Muskingum County, Ohio              250 East Broad Street - Suite 1400
                                              Columbus, Ohio 43215
By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

### STATEMENT OF THE FACTS AND THE CASE

{¶1} On December 21, 2021, Detective Jeremy Archer of the Muskingum County Sheriff's Office filed a complaint against the appellant on one count of knowingly permitting her premises to be used for the commission of a felony drug abuse offense by another person in violation of R.C. 2925.13(B), a misdemeanor of the first degree; and, three counts of creating a substantial risk to the health or safety of her child, A.C.O. (DOB 08/30/2019), by violating a duty of care, protection, or support, based upon the aforesaid drug abuse offense, in violation of R.C. 2919.22(A), misdemeanors of the first degree. The appellant pleaded not guilty on January 12, 2022.

{¶2} The matter was set for trial, and a pretrial hearing was scheduled for March 7, 2022. The appellant appeared for the March 7, 2022 hearing and changed her plea. The appellant entered a plea of guilty to all charges, at which time the court imposed the following sentence: appellant was ordered to a five (5) year community control sanction; she was ordered to not receive any criminal convictions or be convicted of a first-degree misdemeanor traffic offense; and, she was required to perform forty (40) hours of community service within sixty (60) days of her March 7, 2022 sentencing. The trial court further stated that violation of any of the terms of her community control would result in a $4,000 fine and eighteen (18) months in jail.

{¶3} On June 27, 2022, the trial court conducted a hearing at which it addressed the issue of whether the appellant had violated the terms of her community control. The appellee State of Ohio was not present at the hearing, nor did it submit any evidence on the issue. The trial court engaged in a brief colloquy with the appellant, but she was not

sworn in. The appellant was not represented by counsel, nor was she told she was entitled to representation. The trial court determined that she had violated the terms of her community control, and issued a "re-sentencing entry" in which it imposed an eighteen (18) month jail term.

{¶4}   The appellant filed a timely appeal and has submitted the following assignments of error:

{¶5}   "I. THE STATE FAILED TO PROVE THAT BRITTANY HANCOCK VIOLATED THE TERMS OF HER COMMUNITY CONTROL SENTENCE, THUS THE TRIAL COURT ERRED WHEN IT FOUND THAT SHE HAD COMMITTED A VIOLATION OF COMMUNITY CONTROL."

{¶6}   "II. THE TRIAL COURT ERRED WHEN IT DID NOT INFORM MS. HANCOCK OF HER RIGHT TO COUNSEL, AND WHEN IT SENTENCED HER TO A TERM OF CONFINEMENT WITHOUT FIRST PROVIDING HER WITH APPOINTED COUNSEL."

{¶7}   The appellant argues that the trial court erred when it imposed a sentence of eighteen months for violation of community control when the appellee failed to prove any violation, and when the trial court failed to advise the appellant of her right to counsel at the June 27, 2022, hearing at which the sentence was imposed.[1] We agree.

### LAW AND ANALYSIS

{¶8}   Crim. R. 32.3 addresses revocation of probation, and provides:

---

[1] The appellee State of Ohio asserts that the issues raised by the appellant are moot. In the alternative, the appellee agrees that the remainder of the trial court's sentence regarding an alleged violation of community control cannot be imposed upon the appellant due to a lack of compliance with Crim R. 32.3 and Crim. R. 44, and that "vacating the remaining time would be appropriate."

**(A)** **Hearing.** The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.

**(B)** **Counsel.** The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

**(C)** **Confinement in petty offense cases.** If confinement after conviction was precluded by Crim. R. 44(B), revocation of probation shall not result in confinement.

If confinement after conviction was not precluded by Crim. R. 44(B), revocation of probation shall not result in confinement unless, at the revocation hearing, there is compliance with Crim. R. 44(B).

**(D)** **Waiver of counsel.** Waiver of counsel shall be as prescribed in Crim. R. 44(C).

**{¶9}** Crim. R. 44 provides in pertinent part:

                              *         *         *

**(B)     Counsel in petty offenses.** Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel.

**(C)     Waiver of counsel.** Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

**(D)     Assignment procedure.** The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court.

**{¶10}** Revocation of community control was discussed by this court in *State v. Miller*, 5th Dist. Morgan No. 19AP0003, 2020-Ohio-131 as follows:

Because a community control revocation hearing is not a criminal trial, the state does not have to establish a violation with proof beyond a reasonable doubt. *State v. Wolfson*, 4th Dist. Lawrence No. 03CA25, 2004-Ohio-2750, 2004 WL 1178724, ¶ 7. See, also, *State v. Payne*, 12th Dist. Warren No. CA2001-09-081, 2002 WL 649403; *State v. Hylton*, 75 Ohio App.3d 778, 782, 600 N.E.2d 821 (4th Dist. 1991). Instead, the state need

only present "substantial" proof a defendant willfully violated the community control conditions. See, *Hylton*, 75 Ohio App.3d at 782, 600 N.E.2d 821. (Emphasis added.) *Id.* at ¶22.

**{¶11}** In this case, not only did the State of Ohio fail to present "substantial proof" of the appellant's willful violation of her community control conditions, it did not even appear for the revocation hearing.

**{¶12}** Furthermore, the appellant was not represented by counsel at the revocation hearing, nor did the trial court advise her that she was entitled to counsel, in clear violation of her constitutional rights.

**{¶13}** This court addressed a factually similar case in *State v. Kling,* 5th Dist. Stark No. 2022CA00433, 2003-Ohio-2127. In *Kling,* the defendant was charged with driving under the influence and under suspension. She pleaded no contest, and was sentenced to three (3) days in a driver's intervention program and 175 days incarceration, with credit for one day served and 174 days suspended. She failed to complete the intervention program, and a hearing was conducted on her failure. At the hearing, she was not informed of her right to counsel, nor was she informed of her right to an evidentiary hearing. The trial court imposed the remaining portion of her sentence, and an appeal followed. The *Kling* court stated:

> This Court in *State v. Nelson* (Feb. 18, 2003), Stark App. No.2002CA00229, 2003-Ohio-934 relied on *Argersinger v. Hamlin* (1972), 407 U.S. 25 which stated:
>
> Absent knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless

he was represented by counsel at his trial. U.S.C.A. Const. Amends. 6, 14; 18 U.S.C.A. 3006A(b); Fed.Rules Crim.Proc. rule 44(a), 18 U.S.C.A.; Const.Or. Art 1, 9.

Therefore, in the case sub judice the constitutional guarantees of due process were not provided.

*Id.* at ¶23-24.

**{¶14}** Based upon the trial court's failure to ensure that the defendant was afforded due process, the decision of the trial court was reversed. *Id.* at ¶25.

**{¶15}** In this case, the trial court failed to ensure that the appellant's constitutional guarantees of due process were provided. First, the appellee State of Ohio did not appear at the hearing, and presented no evidence regarding the appellant's alleged failure to comply with the terms of her community control sanction. Second, the appellee was not advised of her right to counsel for purposes of the hearing at which her community control was revoked and sentence imposed, nor did she knowingly and intelligently waive her right to counsel.

**{¶16}** Based upon the foregoing, we find that Muskingum County Court's judgment imposing sentence upon the appellant for violation of community control was contrary to law, and the decision is therefore vacated.

By: Baldwin, J.

Wise, John, P.J. and

King, Andrew, J. concur.